# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CLIFF MANGAN,<br><br>               Respondent,<br><br>        v.<br><br>RACHEL LAMAR and JOHN DOE LAMAR, individually and the marital community thereof,<br><br>              Defendants,<br><br>SIVARAMAKRISHNA SUNDARARAMAN and JANE DOE SUNDARARAMAN, individually and the marital community thereof,<br><br>              Appellants. | DIVISION ONE<br><br>No. 81892-9-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Sivaramakrishna Sundararaman appeals from an order striking a trial de novo that he requested after a superior court mandatory arbitration award had been filed. Cliff Mangan filed a motion to strike the trial de novo request, arguing that Sundararaman had failed to sign the request, as required by both statute and court rule. The trial court granted Mangan's motion to strike the trial de novo request. On appeal, Sundararaman contends that the trial court erred in granting the motion to strike because he substantially complied with the applicable signature requirements. As noncompliance cannot be considered substantial compliance, Sundararaman has not established an entitlement to relief.

I

Cliff Mangan was involved in two motor vehicle collisions. The first involved Rachel Lamar on February 21, 2017. The second involved Sivaramakrishna Sundararaman on July 11, 2017. Mangan filed a complaint against both Lamar and Sundararaman on January 22, 2019. The matter was designated for mandatory arbitration. The arbitrator filed an award on July 15, 2020.

Sundararaman filed a request for trial de novo on July 24, 2020. The form was signed only by Sundararaman's defense counsel. It was not signed by Sundararaman. Mangan brought a motion to strike the trial de novo request. In support of his motion, Mangan filed a sworn declaration from a forensic handwriting expert, indicating that the form was not signed by Sundararaman. In response, Sundararaman argued that the form did contain his signature, but that it had been "covered" due to an "unknown clerical error." The trial court granted the motion to strike.

Sundararaman filed a motion for reconsideration. The trial court denied Sundararaman's motion for reconsideration. Following a petition by Mangan, the trial court entered findings of fact and conclusions of law explaining it decisions.

Sundararaman appeals.

II

Sundararaman contends that the trial court erred by granting the motion to strike the trial de novo request. This is so, Sundararaman avers, because he

substantially complied with the requirements of the applicable statute and rule. We disagree.

When a superior court enters findings of fact, those findings are verities on appeal when they are supported by substantial evidence. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). "Substantial evidence is evidence in sufficient quantum to persuade a fair-minded person of the truth of the declared premise." Holland v. Boeing Co., 90 Wn.2d 384, 390-91, 583 P.2d 621 (1978). We do not reweigh evidence or the credibility of witnesses but, rather, we determine whether the evidence most favorable to the prevailing party supports the challenged findings. State v. Living Essentials, LLC., 8 Wn. App. 2d 1, 14-15, 436 P.2d 857, review denied, 193 Wn.2d 1040 (2019). We review de novo questions of law, including interpretation of a court rule. Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997).

Here, the trial court entered factual findings that (1) "The Trial De Novo form did not have the Defendant's signature affixed to said request," (2) "The Trial De Novo form was only signed by defense counsel," and (3) "The Trial De Novo form was not signed by the Defendant within 20 days of the arbitration award filing." These findings were supported by substantial evidence in the record. The trial court considered the declaration of forensic document examiner James Tarver who, after examining the trial de novo form alongside examples of Sundararaman's signature, opined that the document did not contain Sundararaman's signature. The trial court was entitled to find Tarver's

declaration more credible than that of Sundararaman's counsel, which stated that the form did contain her client's signature.

In order to obtain a trial de novo in the superior court,

> [w]ithin twenty days after [the arbitrator files his or her decision and award with the clerk of the superior court, together with proof of service thereof on the parties], any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. *The notice must be signed by the party.* Such trial de novo shall thereupon be held, including a right to jury, if demanded.

RCW 7.06.050(1) (emphasis added); accord SCCAR 7.1(b) ("The request for a trial de novo…must be signed by the party.").

Again, the trial court found as a fact that the form filed by Sundararaman's counsel had not been signed by Sundararaman. Sundararaman therefore did not comply with the requirement that a request for a trial de novo must be signed by the party. Noncompliance is not substantial compliance. Accordingly, the trial court properly granted Lamar's motion to strike the request for a trial de novo.

Affirmed.

Dwyer, J.

WE CONCUR:

Andrus, A.C.J.          Mann, C.J.

4